UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SAMUEL ZIMMERMAN,

                    Plaintiff,

  v.                                                      Case No. 24-cv-551-pp

CASSANDRA BAIER, *et al.*,

                      Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Plaintiff Samuel Zimmerman, who is incarcerated at Green Bay Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his rights under federal and state law. This order resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

On May 24, 2024, the court ordered the plaintiff to pay an initial partial filing fee of $22.90. Dkt. No. 7. The court received that fee on June 10, 2024. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

**II.     Screening the Complaint**

    A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

2

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

    B.    The Plaintiff's Allegations

The plaintiff has named as defendants Cassandra Baier, H.S.M.; Shane Garland, A.H.L.M.; Ellen Baker, R.N.; and Green Bay Correctional Institution Warden Christopher Stevens. Dkt. No. 1 at 1. He asserts that all of the defendants worked at Green Bay Correctional at the time of the events described in the complaint. Id.

The plaintiff alleges that on September 4, 2023, while at Green Bay Correctional Institution, he sent forms "DOC-3035" and "DOC-3392" to "HSU and DSU respectively" to inform them of his urgent need to pull an abscessed tooth. Dkt. No. 1 at 2. He states that he was added to the "essential" dental

3

needs list and received his first cycle of antibiotics a few days later. Id. On October 13, 2023, the plaintiff allegedly wrote to DSU and explained that he was on his third cycle of antibiotics and needed his tooth pulled as soon as possible because it was causing him extreme pain. Id.

On October 21, 2023, the plaintiff allegedly sent a DOC-761 to defendant HSM Cassandra Baier stating that he still had not received the urgent dental care he needed. Id. Baier allegedly forwarded the plaintiff's plea to defendant Nurse Ellen Baker who responded on October 27, ". . . dental is aware – will schedule soon . . . ." Id. at 3. The plaintiff states that on October 27, 2023, he sent a DOC-3392 to DSU and DSU responded three days later stating that the plaintiff would be seen as soon as practical. Id.

The plaintiff alleges that on October 30, 2023, the institution complaint examiner affirmed his DOC-401 complaint for "exceeding the waitlist timeframe," a violation of DAI Policy 500.40.21. Id. The reviewing authority allegedly affirmed the plaintiff's complaint. Id.

The plaintiff alleges that on November 5, 2023, he was refused stronger pain medication or any further antibiotics (he'd had five cycles in sixty days); he was told that he was scheduled the following week to extract what now were two abscessed teeth. Id. On November 6, 2023, defendant Warden Christoper Stevens responded to the plaintiff's plea for help to Governor Tony Evers by stating that the plaintiff "should continue working with HSU." Id. The plaintiff alleges that Stevens is in violation of Wis. Stat. 302.08. Id. He alleges that defendants Baier and Baker violated DAI Policy, and he alleges that all

4

defendants violated the plaintiff's Eighth Amendment rights by not dealing with his severe chronic dental pain for three months. Id. For relief, the plaintiff seeks compensatory and punitive damages. Id. at 4.

    C.    <u>Analysis</u>

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with deliberate indifference to the serious medical need of an incarcerated individual. <u>Cesal v. Moats</u>, 851 F.3d 714, 720-21 (7th Cir. 2017) (citing <u>Estelle v. Gamble</u>, 429 U.S. 97, 104-05 (1976)). "This principle applies equally to dental care." <u>McGowan v. Hulick</u>, 612 F.3d 636, 640 (7th Cir. 2010) (citing <u>Berry v. Peterman</u>, 604 F.3d 435, 440 (7th Cir. 2010)). To state a claim for deliberate indifference for deficient medical care, the plaintiff "must allege an objectively serious medical condition and an official's deliberate indifference to that condition." <u>Cesal</u>, 851 F.3d at 721 (quoting <u>Perez v. Fenoglio</u>, 792 F.3d 768, 776 (7th Cir. 2015)).

An objectively serious medical need is one that has either been diagnosed by a physician and demands treatment or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." <u>Id.</u> (quoting <u>King v. Kramer</u>, 680 F.3d 1013, 1018 (7th Cir. 2012)). The deliberate indifference standard is subjective and requires a plaintiff to allege that the official knew of, but disregarded, a substantial risk to the incarcerated individual's health. <u>Id.</u> (citing <u>Farmer v. Brennan</u>, 511 U.S. 825, 836-38 (1994); <u>Greeno v. Daley</u>, 414 F.3d 645, 653 (7th Cir. 2005)). A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an

5

incarcerated individual's pain. McGowan, 612 F.3d at 640 (citing Estelle, 429 U.S. at 104-05.

The plaintiff's allegation that he suffered extreme pain from his abscessed tooth for over three months amounts to a serious medical need under the Eighth Amendment. He also alleges that defendants Baier, Baker and Stevens knew that he was suffering but did not obtain treatment for him; if proven, that could amount to deliberate indifference. The court will allow the plaintiff to proceed on Eighth Amendment claims against Baier, Baker and Stevens in their individual capacities.

The court will not allow the plaintiff to proceed against defendant Garland because he has not alleged anything that Garland (or did not do) to violate his rights. The plaintiff has not stated a plausible claim for relief against Garland. See Iqbal, 556 U.S. at 678.

The plaintiff claims that Stevens violated Wis. Stat. §302.08, which provides that "[t]he wardens and superintendents and all prison officials shall uniformly treat the inmates with kindness" without "corporal or other painful and unusual punishment." But §302.08 "appears to be an enabling statute invoked solely in authorizing various DOC regulations that does not create a private cause of action." Flemino v. Eau Claire Cnty. Sheriff, Case No. 21-cv-187, 2022 WL 2046111, at *1 (W.D. Wis. June 7, 2022) (citing Lobley v. Yang, No. 18-cv-812-pp, 2019 WL 136694, at *3 (E.D. Wis. Jan 8, 2019)); see also Ghashiyah v. Jess, Case No. 21-CV-1479-JPS, 2023 WL 5558825, at *7 (E.D. Wis. Aug. 29, 2023); Gruenberg v. Bittleman, Case No. 13-cv-4532-wmc, 2014

6

W 3736497, at *2 (W.D. Wis. July 29, 2014). Absent authority that the statute provides a private right of action, the plaintiff cannot proceed on a state law claim under §302.08.

The plaintiff also claims that Baier and Baker violated DAI Policy. A violation of state laws or regulations is not a basis for a federal civil rights case. See Williams v. Mierzejewski, 401 F. App'x 142, 144 (7th Cir. 2010) (citing Guajardo-Palma v. Martinson, 622 F.3d 801, 806 (7th Cir. 2010); Domka v. Portage County, Wis., 523 F.3d 776, 784 (7th Cir. 2008)). The plaintiff has not stated a claim for relief based on alleged violation of prison policy.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DISMISSES** defendant Shane Garland.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendants Cassandra Baier, Ellen Baker and Christopher Stevens. Under the informal service agreement, the court **ORDERS** those defendants to file a responsive pleading to the complaint within sixty (60) days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$327.10** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's

7

trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to Green Bay Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 23rd day of July, 2024.

**BY THE COURT:**

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**